IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00169-KDB-DCK

| | |
|---|---|
| **DANIEL CHRISTOPHER HAGA,**<br><br>Plaintiff,<br><br>v.<br><br>**PARAMOUNT GLOBAL AND DAVID ELLISON,**<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed his expected income, and he does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

### I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that

1

he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this Complaint, Pro se Plaintiff Daniel Haga appears to claim that Defendants solicited murder "knowing what Dr. Jodie said," pursuant to 18 U.S.C. § 373. Doc. No. 1 at 3. He further explains that "[p]eople on CBS got mad" and used their network to solicit his murder for "many years," and claims that he has been on an "illegal website since 1997" which has "8 billion EYE witnesses to prove people on LIVE broadcasts got mad – over and over again – promoting violence because of hate." *Id.* at 4-5. To the extent these fantastical allegations are at all clear to the Court, they fail to assert an identifiable claim.

However, even assuming Plaintiff has plausibly alleged a violation of 18 U.S.C. § 373 under these facts, the statute does not provide a private right of action and Plaintiff has not

2

otherwise alleged any claim over which this Court has jurisdiction. *See Rodriguez v. Dougherty*, No. 3:23-CV-1542 (KAD), 2024 WL 896752, at *9 (D. Conn. Mar. 1, 2024) (citing *El v. O'Brien,* No. 12-CV-01793 DLI JMA, 2012 WL 2367096, at *2 (E.D.N.Y. June 20, 2012*))* (holding that 18 U.S.C. § 373 does not provide a private right of action); *see also Adkins v. Benard,* No. 8:20-CV-2627-SDM-CPT, 2021 WL 11645461, at *5 (M.D. Fla. Nov. 30, 2021), *report and recommendation adopted,* No. 8:20-CV-2627-SDM-CPT, 2021 WL 11645451 (M.D. Fla. Dec. 22, 2021) (collecting cases holding there is no private right of action under federal statutes including 18 U.S.C. §§ 241, 242, and 373). Accordingly, the matter must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 27, 2025

Kenneth D. Bell
United States District Judge

3

Case 5:25-cv-00169-KDB-DCK    Document 3    Filed 10/27/25    Page 3 of 3